United States District Court
Southern District of Texas
**ENTERED**
March 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ZEID O.O ALMADI,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No.** 1:26-cv-183 |
| | § | |
| **WARDEN OF PORT ISABEL** | § | |
| **DETENTION CENTER,** | § | |
| Respondent. | § | |

## ORDER

Before the Court is Petitioner Zeid O.O Almadi's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Almadi's "§ 2241 Petition"). Dkt. No. 1. Almadi, proceeding pro se, appears to claim that his continued detention by the Respondent (hereinafter, the "Government") violates the Fifth Amendment's Due Process Clause.[1] *Id.* at 6–7.

Here, Almadi is held at the Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. *Id.* at 1. Almadi's custodian then, would appear to be the warden of PIDC. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action); *da Silva v. Nielsen*, 5:18-mc-00932, 2019 WL 1328461 at *6 (S.D. Tex. 2019) (Saldaña, J.)

---

[1] As Almadi is proceeding pro se, his pleadings are liberally construed under a less stringent standard of review than a formal pleading drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, then, liberally construes Almadi's claim for relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

(dismissing petitioner's claims against Nielsen, Bible, Cerna, Vitiello, and Whitaker "because they [were] remote supervisory officials, not [p]etitioner's custodian"); *Bonitto v. Bureau of Immigration and Customs Enforcement*, 547 F.Supp.2d 747, 749, 751 (S.D. Tex. 2008) (Tagle, J.) (noting that the proper respondent was the warden of Port Isabel Detention Center, not Immigration and Customs Enforcement); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197, 2025 WL 3684694 at *1 n.1 (S.D. Tex. 2025) (Marmolejo, J.) (noting that the proper respondent was the warden who had custody over petitioner); *Salmon v. Bureau of Immigration and Customs Enforcement*, 1:08-cv-003, 2008 WL 11395491 at *1–2 (S.D. Tex. 2008) (Recio, J.) (Report and Recommendation adopted by Tagle, J.) (noting that the proper respondent was the warden of Port Isabel Detention Center where petitioner was detained).  However, it is unclear from the filings as to who is currently the warden of PIDC.

It is **ORDERED** that the Government has **14 days** from service of Almadi's § 2241 Petition [Dkt. No. 1] to respond.  If Almadi chooses to file a reply to the Government's response, he must do so within **7 days** of receiving the Government's response.  Almadi and the Government are **DIRECTED** to inform the Court as to who is the warden of PIDC.

**SIGNED** on this **27th** day of **March, 2026**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**